**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**HOSPITAL MENONITA PONCE, INC.,**

    **Plaintiff,**

    **v.**

**NATIONAL LABOR RELATIONS BOARD,
et al,**

    **Defendants.**

**Civil No. 25-1584 (ADC)**

## OPINION AND ORDER

Pending before the Court is plaintiff Hospital Menonita Ponce, Inc.'s ("plaintiff" or "HMP") objections to the Report and Recommendation ("R&R") issued by the United States Magistrate Judge Mariana Bauzá-Almonte ("Magistrate Judge"). **ECF Nos. 34** and **38**. The Magistrate Judge recommends that the Court deny plaintiff's request for preliminary injunction. **ECF No. 5**.

### I.  Factual and Procedural Background

#### A.    The Claims

Hospital Menonita Ponce, Inc.'s ("HMP" or "plaintiff") purchased assets from Quality Health Services of P.R., Inc. in November 2022. After the sale, a labor union, the Unidad Laboral de Enfermeras y Empleados de la Salud ("labor organization" or "union") representing seven bargaining units requested that HMP recognize it as their exclusive representative. **ECF No. 34**

at 2. While plaintiff initially recognized two units, it eventually retracted that recognition, claiming the union lacked employee support. *Id*. Between December 2022 and January 2024, the union filed a series of unfair labor practice charges against HMP, alleging refusal to recognize the union, refusal to hire certain employees based on their union activity, bad faith bargaining, and failure to provide requested information. *Id*.

On March 4, 2025, the National Labor Relations Board ("NLRB") Regional Director issued a Consolidated Complaint and Notice of Hearing based on these charges. *Id*. Although the hearing was initially set for July 2025, it was continued to August 20, 2025, though no evidence was presented at that time. The administrative hearing was later postponed due to a government shutdown and was eventually rescheduled to begin on February 9, 2026. *See* **ECF Nos. 16** and **20**.

In response to these administrative actions, HMP filed the instant civil action on November 3, 2025. **ECF No. 1**. Plaintiff challenges the NLRB's structure as unconstitutional given the removal protections afforded to NLRB Board members and the presiding Administrative Law Judge ("ALJ"). *Id*. Accordingly, plaintiff seeks injunctive and declaratory relief against the NLRB, its Acting General Counsel, Board members, and the ALJ. Specifically, plaintiff contends that the tenure provisions protecting NLRB Board members and ALJs from removal violate the separation of powers doctrine and HMP's due process rights.

On November 3, 2025, plaintiff filed a motion for a preliminary injunction to halt the ongoing administrative proceedings. **ECF No. 5**. On November 3, 2025, the Court referred plaintiff's request for preliminary injunction to the Magistrate Judge for a Report and Recommendation. **ECF No. 9.**

### B.      The R&R

After conducting a hearing on the matter, the Magistrate Judge issued her R&R recommending that the preliminary injunction be denied, primarily finding that the court lacks jurisdiction under the Norris-LaGuardia Act ("NLG"). **ECF No. 34**. Alternatively, the Magistrate Judge held that HMP failed to demonstrate it met the consuetudinary requirements for injunctive relief. *Id*.

### C.      The Objections

On February 13, 2026, plaintiff filed objections to the R&R. **ECF No. 38**. Consistent with its initial complaint and motion for a preliminary injunction, plaintiff's objections continue to rely almost exclusively on the Fifth Circuit's decision in *Space Exploration Technologies Corporation v. National Labor Relations Board*, 151 F.4th 761, 770 (5th Cir. 2025)("*Space Exploration")*.

Plaintiff contends that the court does have jurisdiction to hear its claims and that it has met the necessary criteria for a preliminary injunction. Plaintiff argues that the NLG, which expressly restricts injunctions in "labor disputes," does not apply here because this case is a structural constitutional challenge against a federal agency regarding the separation of powers,

rather than a traditional dispute between an employer and employees over terms of employment. HMP asserts that the "matrix of the controversy" is the unconstitutional removal protections of NLRB members and ALJ, not labor activity. *Id.*, at 6.

Regarding the likelihood of success on the merits, HMP argues that the R&R erred by failing to recognize that the NLRB's structure likely violates Article II of the Constitution. Plaintiff contends that the multi-layered removal protections for ALJs and the restricted removal of Board members unconstitutionally insulate these officials from presidential oversight. HMP further highlights that the defendants did not even attempt to defend the constitutionality of these removal protections in their opposition, yet the R&R still concluded HMP failed to establish this factor. **ECF No. 38** at 10-11.

HMP also objects to the R&R's finding that they failed to establish irreparable harm. *Id.*, at 12-13. While the R&R pointed to an eight-month delay in seeking injunctive relief as a reason to deny it, HMP argues that being subjected to an "illegitimate proceeding" led by an unconstitutionally protected decisionmaker is a "here-and-now" injury that cannot be remedied after the fact. *Id.*, at 13. According to plaintiff, because the injury is the subjection to an unconstitutional process itself, typical arguments about delay or the need to show a specific adverse labor outcome are misplaced. *Id.*

Finally, HMP disputes the R&R's determinations regarding the balance of equities and the public interest. *Id.*, at 14-15. It argues that public interest is best served by ensuring that

government agencies operate within constitutional bounds and remain accountable to the Executive Branch. *Id*. Plaintiff asserts that the balance of equities tips in their favor because they will lose the right to avoid an unconstitutional proceeding if the injunction is denied, whereas the government suffers no legitimate harm by being required to follow federal law and the Constitution. *Id*.

## II.    Legal Standard

### A.    *De novo* review

United States Magistrate Judges are granted authority to make proposed findings and recommendations on a motion for injunctive relief, while the ultimate resolution of the motion remains at the discretion of the presiding judge. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); *accord* L. Civ. R. 72(a)(1). Any party adversely affected by the recommendation issued may file written objections within fourteen (14) days of being served with the report and recommendation. Fed. R. Civ. P. 72(b).

A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop*, 389 F. Supp. 2d 189, 191–92 (D.P.R. 2005) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)). "The district court need not consider frivolous, conclusive, or general objections." *Rivera–García v. United States*, Civ. No. 06–1004 (PG), 2008 WL 3287236, *1 (D.P.R. Aug. 7, 2008) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987)).

To the extent a party's objections amount to no more than general or conclusory objections to the report and recommendation without specifying to which issues in the report the party is objecting, or where the objections are repetitive of the arguments already made to the magistrate-judge, a *de novo* review is unwarranted. *Id.* "Instead, the report and recommendation is reviewed by the district judge for clear error." *Id.* (citing *Camardo v. Gen. Motors Hourly–Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to ... submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.")).

In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also, Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985); *Álamo Rodríguez v. Pfizer Pharma., Inc.*, 286 F. Supp. 2d 144, 146 (D.P.R. 2003). Hence, the court may accept those parts of the report and recommendation to which the party does not object. *See Hernández–Mejías v. General Elec.*, 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (citing *Lacedra v. Donald W. Wyatt Detention Facility*, 334 F. Supp. 2d 114, 125–26 (D.R.I. 2004)). The Court, however, "is not required to make separate findings of fact or issue an opinion setting forth its own reasoning." *U.S. v. Bach*, 388 F. App'x 2 (1st Cir. 2010) (citing *Jonco, LLC v. ALI, Inc.*, 157 F.3d 33, 35 (1st Cir. 1998)).

### B.        Preliminary Injunction

A preliminary injunction is an extraordinary equitable remedy that is "never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). Its purpose "is merely to preserve the relative positions of the parties until a trial on the merits can be held." *University of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). Plaintiff must "make a clear showing that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345–46 (2024) (quoting *Winter*, 555 U.S. at 20). These four factors "are not entitled to equal weight in the decisional calculus." *Corp. Techs., Inc. v. Harnett*, 731 F.3d 6, 9 (1st Cir. 2013). Rather, the movant's likelihood of success on the merits "is the main bearing wall of the four-factor framework." *Id*.

## III.    Discussion

### A.        The Objections Do Not Move The Court

First, the Court notes that plaintiff repackaged the arguments made before the Magistrate Judge into objections to the R&R. It did not add any new argument or update on the available authorities that support its position. Second, the objections themselves do not move this Court to reject the legal analysis of the Magistrate Judge, which tracks the decisions of *all* but one federal court. Indeed, plaintiff would have the Court side with the Fifth Circuit's pariah opinion in *Space Exploration*, and reject the legal reasoning and well-articulated grounds of the rest of the

federal courts that have addressed arguments similar to plaintiff's. *See Red Rock Resorts, Inc. v. NLRB*, No. 2:24-cv-01966-ART-BNW, 2025 WL 2784607, at *6-11 (D. Nev. Sep. 30, 2025), *appeal docketed*, No. 25-6404 (9th Cir. Oct. 10, 2025); *Hoffmann Bros. Heating & Air Conditioning, Inc. v. NLRB*, No. 4:25-cv-01356-SRC, 2025 WL 2695565, at *2-4 (E.D. Mo. Sep. 22, 2025); *Hannam Chain USA, Inc. v. NLRB*, No. 25-2896 (TJK), 2025 WL 3204539 (D.D.C. Nov. 17, 2025); *Spring Creek Rehabilitation & Nursing Center LLC v. NLRB*, --- F4th ---, No. 24-3043, 2025 WL 3467537 (3d Cir. Dec. 3, 2025); *Amazon.com Services, LLC v. Teamsters Amazon National Negotiating Committee*, --- F.4th ----, No. 25-886, 2025 WL 3752184 (9th Cir. Dec. 29, 2025).

**B.      An Independent and *De Novo* Analysis Convinces the Court That The Magistrate Judge's Reasoning Is Legally Sound**

The R&R primarily concludes that the Court lacks jurisdiction to grant the requested preliminary injunction under the NLG. **ECF No. 34** at 4-5. The Magistrate Judge reasoned that the case "grows out of a labor dispute" because HMP initiated the lawsuit only *after* the NLRB began prosecuting unfair labor practice charges filed by the union. *Id.*, at 6. The Magistrate Judge further emphasized that the "matrix" of the underlying controversy concerns employee representation and collective bargaining, which fits the broad statutory definition of a labor dispute regardless of whether the specific legal challenge is constitutional in nature. *Id*. In reaching this conclusion, the Magistrate Judge found more convincing the broader interpretation of the NLG used by the Third and Ninth Circuits, in *Spring Creek Rehab. & Nursing*

*Ctr. LLC v. NLRB*, 160 F.4th 380 (3d Cir. 2025); *Amazon.com Servs., LLC v. Teamsters Amazon Nat'l Negotiating Comm.*, 163 F.4th 624 (9th Cir. 2025), and rejected the narrower approach taken by the Fifth Circuit in *Space Exploration*.

The Court agrees with the reasoning of the Third and Ninth Circuits, too. Pursuant to NLG, "[t]he pending case need only involve or grow out of that dispute, it need not itself be a labor dispute." *Amazon.com Servs., LLC*, 163 F.4th at 630 (quoting 29 U.S.C. § 113(a) and (c)(internal quotation marks altered)); *see also Spring Creek*, 160 F.4th at 384-85 (noting the distinction between the labor dispute and the subject litigation). Indeed, the Supreme Court has explained that the NLG's jurisdictional bar "merely requires that the case involve 'any' labor dispute." *Jacksonville Bulk Terminals, Inc. v. Int'l Longshoremen's Association*, 457 U.S. 702, 711, (1982).

Accordingly, after careful review of the totality of the record, for the reasons stated in the R&R and the filings by the NLRB, the Court hereby **ADOPTS** the R&R's recommendation and hereby holds that it lacks jurisdiction to enjoin the NLRB proceedings in light of NLG's anti-injunction provisions. *See* 29 U.S.C. § 101; Fed. R. Civ. P. 72.

The Court also agrees with the Magistrate Judge's alternative recommendation on the merits. To wit, beyond the jurisdictional bar, the Magistrate Judge reports that plaintiff failed to demonstrate a likelihood of success on the merits because it could not show causal harm. *Id.*, at 11. Drawing on Supreme Court and First Circuit precedent, the Magistrate Judge recommends

that the mere existence of potentially unconstitutional removal protections for NLRB Board members and ALJ is insufficient to establish a constitutional injury. *Id*.

The Court agrees. "[T]he relevant inquiry is whether the plaintiffs' injury can be traced to 'allegedly unlawful conduct' of the defendant, not to the provision of law that is challenged." *Collins v. Yellen*, 594 U.S. 220, 243 (2021); *see also Lujan v. Defenders of Wildlife*, 504 U. S. 555, 560-61 (1992). Here, HMP has failed to show that the allegedly unconstitutional tenure provision has actually caused it harm. Plaintiff did not show that the at-issue tenure provisions actually affected the specific administrative proceedings against it. Indeed, plaintiff did not proffer any evidence or even suggests that were it not for the potentially unconstitutional removal protections, the President of the United States has announced any interest in removing the ALJ overseeing the unfair labor practice case which plaintiff seeks to enjoin. Nor does plaintiff show that the putative removal of a Board member would have an impact on the proceedings.

Because "proving likelihood of success on the merits is the 'sine qua non' of a preliminary injunction[,]" the Court need not go further. *Arborjet, Inc. v. Rainbow Treecare Sci. Advancements, Inc.*, 794 F.3d 168, 173 (1st Cir. 2015) (quoting *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002)). After all, "[i]f the moving party cannot demonstrate that [they are] likely to succeed in [their] quest, the remaining factors become matters of idle curiosity." *Id.*

But even if plaintiff had successfully cleared the likelihood to prevail hurdle, the Court would nonetheless deny plaintiff's request for a preliminary injunction because plaintiff failed

to establish irreparable harm, a mandatory threshold for injunctive relief. The Magistrate Judge correctly notes that HMP's alleged injury (*i.e.* being subjected to unconstitutional proceedings) is not inherently irreparable considering the speculative nature of the claim, absent proof that the unconstitutional provisions impact the case's outcome. **ECF No. 34** at 12-13. The Court agrees. As explained before, plaintiff was not able to establish that potentially unconstitutional removal protections have any impact over the underlying labor proceedings. Furthermore, the Magistrate Judge noted that HMP's eight-month delay in seeking an injunction—waiting until shortly before a rescheduled hearing despite raising constitutional defenses months earlier—sharply undercut its claims of urgency and irreparable injury. *Id*.

Finally, the R&R concludes that the balance of equities and the public interest do not favor HMP. **ECF No. 34** at 13-14. The Magistrate Judge observed that enjoining the administrative process would interfere with the only mechanism available for employees to vindicate their collective bargaining rights. *Id*., at 14. Because there was no evidence that the allegedly unconstitutional provisions caused actual harm to HMP, the public interest in maintaining the NLRB's statutory functions outweighed HMP's structural constitutional concerns at this preliminary stage. *Id*. The Court agrees.

Consequently, after a *de novo* review of the portions of the R&R challenged by plaintiff, the Court finds that, even assuming it had jurisdiction, plaintiff nonetheless failed to meet the preliminary injunction high bar. Accordingly, the Court hereby **ADOPTS** the Magistrate

Judge's alternative recommendation to deny plaintiff's request for preliminary injunction for failure to establish a likelihood of success, or in the alternative, for failure to show irreparable harm, and to demonstrate that the balance of equities and the public interest favor its position.

### C.    Unobjected Independent Ground To Deny Preliminary Injunction

There is an additional reason for which the Court would, in any case, deny plaintiff relief. The NLRB opposed plaintiff's request for injunctive relief contending that the NLRA contains a separability clause which would, in essence, keep all relevant statutory provisions intact even if the Court determined that the officer removal protection sections were declared unconstitutional. *See* **ECF No. 18**.

Although only discussed as a supporting argument, the Magistrate Judge did address the severability hurdle in her likelihood of success analysis. The Magistrate Judge stated that her finding regarding HMP's failure to show necessary harm is "buttressed by that the removal restrictions could be severed from the remainder of the Act." **ECF No. 34** at n. 4. This suggests that even if the removal protections were found to be unconstitutional, they could likely be removed (severed) without invalidating the rest of the NLRA or the administrative proceedings against HMP.

The NLRB and the Magistrate Judge are right. Given the fact that the potentially unconstitutional provisions related to the tenure protections are severable, plaintiff's argument is insufficient to establish the constitutional injury required for injunctive relief. As explained

before, plaintiff failed to suggest that "but for" the unconstitutional removal protections, the underlying labor proceedings would be affected.

Despite the NLRB's clear enunciation of the argument and the fact that the Magistrate Judge relied on such ground in her R&R, plaintiff did not raise any specific objection thereto. Thus, it waived any opposition to this argument, which is *per se* sufficient to deny the preliminary injunction request. *See Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 591 U.S. 610, 625 (2020)("The Court presumes that an unconstitutional provision in a law is severable from the remainder of the law or statute.").

On this alternate ground alone (as to which plaintiff waived any opposition), the Court **ADOPTS** the R&R's recommendation to **DENY** plaintiff's request for preliminary injunction at **ECF No. 5**.

## IV.    Conclusion

For the reasons stated above, the Court **OVERRULES** plaintiff's objections at **ECF No. 38, ADOPTS** the R&R at **ECF No. 34** and **DENIES** plaintiff's request for a preliminary injunction**. ECF No. 5.**

**SO ORDERED**.

At San Juan, Puerto Rico, on this 6th day of May, 2026.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**